## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'MARCUS THOMAS, individually and on behalf of all similarly situated<br>    Plaintiff,<br><br>v.<br><br>WALLACE, RUSH, SCHMIDT, INC.<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.:  16-572 |

## COLLECTIVE ACTION COMPLAINT, CLASS ACTION COMPLAINT, AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff DE'MARCUS THOMAS ("Plaintiffs"), by and through his attorneys, Varadi, Hair & Checki, LLC and Scott, Sevin & Vicknair, APLC on behalf of themselves and on behalf of all others similarly situated, bring this Complaint against Defendant as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff DE'MARCUS THOMAS was for all times relevant to this Complaint a laborer for Defendant WALLACE, RUSH, SCHMIDT, INC. ("WRS"), a position for which he was paid hourly and that is not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

2.    He was hired following the flooding that plagued central Louisiana in August of 2016 to perform disaster restoration work.

3.    Plaintiff alleges on behalf of himself and all similarly-situated employees hired

to perform work for WRS as a result of the flooding in central Louisiana ("Class") that the Defendant WRS unlawfully failed and refused to pay Plaintiff and members of the Plaintiff Class wages for hours worked and overtime pay for overtime worked, notwithstanding that Plaintiff and members of the Plaintiff Class were to be paid hourly and are not and have not been exempt from overtime pay.

4.     Plaintiff alleges on behalf of himself and the proposed Plaintiff Class that they are and have been entitled to overtime pay for overtime worked.

5.     Plaintiff alleges on behalf of himself and the prospective Plaintiff Class that Defendant WRS failed to keep accurate time records as required by law.

6.     Defendant's practices as alleged herein violated and continue to violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

7.     Plaintiff on behalf of himself and the prospective Class seek injunctive and declaratory relief, compensation and credit for all uncompensated work required, suffered or permitted by Defendant WRS, liquidated and/or other damages, penalties and interest as permitted by the applicable law, and attorneys' fees and costs.

8.     At all times relevant to this Complaint, Defendant WRS has engaged in and continues to engage in a practice and policy of willfully failing and refusing to pay Plaintiffs and the class they seek to represent overtime compensation due and owing to Plaintiffs and members of the prospective Class in violation of federal law.

9.     Defendant WRS implemented and enforced unlawful policies and practices in violation of the federal law, as detailed infra, by failing and refusing to pay Plaintiff and the members of the Class regular pay for regular hours and overtime pay for overtime worked, notwithstanding that Plaintiff and the members of Plaintiff Class were and are paid hourly, are

not and have not been exempt and are and have been entitled to payment for overtime pay.

10.    Defendant WRS maintained policies and practices where it failed to keep accurate time records and whereby its contracted non-union hourly employees worked overtime but were not paid overtime pay. Instead, Defendant WRS refused to pay Plaintiff and the class members regular wages and overtime and at times promised pay would be forthcoming, but it was not.

**JURISDICTION AND VENUE**

11.    Jurisdiction and venue are proper in the Middle District of Louisiana as Plaintiff and members of the Plaintiff class performed the work in the Middle District of Louisiana and were to be paid in the Middle District of Louisiana.  The Defendant is subject to the personal jurisdiction of Louisiana because it is doing business in the Middle District of Louisiana.  The Court has subject matter jurisdiction under the Fair Labor Standards Act claims under 29 U.S.C. §201 *et seq.* and 28 U.S.C. §1331.  Additionally, the Court has supplemental jurisdiction over the state law claims.

**PARTIES**

12.    Plaintiff DE'MARCUS THOMAS, is a resident of Melville, St. Landry Parish, Louisiana, and was employed with Defendant WRS from on or about August 19, 2016, until on or about August 27, 2016. During the course of his employment, he served as a non-union contract employee as a laborer for Defendant WRS.

13.    Defendant WRS is a foreign corporation who is doing business in the State of Louisiana and its registered agent is Edward Schmidt, who can be located at 116 Acadian, Mandeville, LA 70471.

## **GENERAL ALLEGATIONS**

14.    When the flooding began in Baton Rouge, Defendant WRS immediately mobilized and began to hire local workers to perform disaster restoration services.

15.    This work was largely physical in nature.

16.    Upon information and belief, WRS employed approximately 1000 such employees to perform this disaster restoration and related work.

17.    The Plaintiff was hired to perform such work for $12 per hour on 12 hour shifts per day.

18.    With breaks and lunch, the actual work time equaled 10 hours per day.

19.    Plaintiff was to work seven days per week.

20.    Plaintiff was told by WRS that he would be paid overtime for any work above and beyond 40 hours per week.

21.    Upon information and belief all members of Plaintiff Class were engaged in identical or substantially similar employment terms.

22.    During Plaintiff's tenure with Defendant WRS, Plaintiff worked approximately three weeks at seventy working hours per week.

23.    Accordingly, Plaintiff worked roughly 210 hours over three weeks.

24.    Upon information and belief, all members of the Plaintiff Class worked identical or substantially similar hours.

25.    Defendant WRS promised Plaintiff and members of Plaintiff Class that they would be paid every Friday.

26.    To date, neither Plaintiff nor members of Plaintiff Class have received ***any*** funds for work performed as described *in extensor supra.*

27.    Plaintiff and members of Plaintiff Class have demanded payment from Defendant WRS.

28.    Defendant WRS responded by promising to pay all past sums due on August 27, 2016.

29.    Plaintiff was instructed to wait in Baton Rouge, Louisiana in order to receive payment on multiple occasions.

30.    Plaintiff waited in the rain on one occasion and the sun on another occasion for hours and payment never arrived.

31.    Members of Plaintiff Class have had similar experiences in that they have been promised payment, but payment has not been forthcoming.

32.    Plaintiff and members of Plaintiff Class were required to travel for work and have not been compensated for travel time.

## **FLSA CLAIM-COLLECTIVE ACTION ALLEGATIONS**

33.    Plaintiff and the class he seeks to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant throughout the country during applicable statutes of limitations, who have not been compensated for regular wages and/or have not been compensated at 1½ times the regular rate of pay for all work performed in excess of forty (40) hours per work week and the failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

34.    Questions of law and fact common to the class as a whole include, but are not limited to, the following:

      a.    Whether Defendant WRS failed and continues to fail to pay regular wage

                    compensation in violation of the FLSA, 29 U.S.C. §201 et seq.;

     b.     Whether Defendant WRS failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §201 et seq.;

     c.     Whether Defendant WRS's policies and practices of its failure to pay wages to Plaintiff and the class he seeks to represent violate the applicable provisions of the FLSA;

     d.     Whether Defendant WRS's policies and practices of its failure to pay overtime to Plaintiff and the class he seeks to represent violate the applicable provisions of the FLSA;

     e.     Whether Defendant WRS's failure to pay wages to Plaintiff and the class he seeks to represent was willful within the meaning of the FLSA;

     f.     Whether Defendant WRS's failure to pay overtime to Plaintiff and the class he seeks to represent was willful within the meaning of the FLSA;

     g.     Whether Defendant WRS failed and continues to fail to make accurate records of actual time work by Plaintiff and the class he seeks to represent;

     h.     Whether Defendant WRS failed and continues to fail to maintain accurate records of actual time worked by Plaintiff and the class he seeks to represent;

     i.     Whether Defendant WRS failed and continues to fail to report all actual time worked by Plaintiff and the class he seeks to represent; and

     j.     Whether Defendant WRS failed and continues to fail to preserve accurate records of actual time worked by Plaintiff and the class he seeks to represent.

     35.     The claim for violation of the FLSA is brought pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff on behalf of himself and the class he seeks to represent, because Plaintiff's claims are similar to the claims of the members of the prospective class.

     36.     Plaintiff and the class he seeks to represent are similarly situated, have substantially similar agreements and pay provisions and are subject to Defendant WRS's common practice, policy or plan of failing to keep accurate records, failing to pay wages, and failing to pay overtime in violation of the FLSA.

37.     Plaintiff will fairly and adequately represent and protect the interests of the members of the class and subclasses. Plaintiff has retained counsel competent and experienced.

38.     The names and addresses of the Plaintiff putative class members are available from Defendant WRS. To the extent required by law, notice will be provided to the prospective class members via first class mail and/or by use of techniques in a form of notice that has been used customarily in collective actions, subject to court approval.

**COUNT I**
**FLSA CLAIMS AGAINST DEFENDANT WRS**

39.     Plaintiff on behalf of himself and the class he seeks to represent allege and incorporate by reference paragraphs 1 through 38.

40.     At all times relevant to this Complaint, the Defendant WRS has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA 29 U.S.C. §203(d).

41.     At all times relevant to this Complaint, Defendant WRS employed Plaintiff and continues to employ putative class members, within the definition of the FLSA 29 U.S.C. §203(e)(1).

42.     Upon information and belief, at all times relevant to this Complaint, Defendant WRS has had gross operating revenues in excess of $500,000.00, 29 U.S.C. 203(s)(1)(A)(i) and (ii).

43.     The named plaintiff consents to sue in this action pursuant to Fair Labor Standards Act.

44.     The FLSA requires each covered employer such as Defendant WRS to compensate all non-exempt employees at a rate of not less than 1½ the regular rate of pay for work performed in excess of forty (40) hours in a work week.

45.     The FLSA requires each covered employer such as Defendant WRS to pay at least minimum wage for all hours worked.

46.     Plaintiff and the class he seeks to represent were to be paid hourly and are not exempt from the right to receive overtime pay under the FLSA or the right to receive at least minimum wage.

47.     Plaintiff and the class he seeks to represent are entitled to be paid overtime compensation for all overtime hours worked.

48.     Plaintiff and the class he seeks to represent are entitled to be paid regular wages for all regular hours worked.

49.     At all times relevant to this Complaint, Defendant WRS had a policy and practice of failing and refusing to pay regular wages to its employees.

50.     At all times relevant to this Complaint, Defendant WRS had a policy and practice of failing and refusing to pay overtime to its employees.

51.     As a result of Defendant WRS's failure to compensate its employees, including Plaintiff and the class he seeks to represent, for regular wages and at a rate not less than 1½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant WRS has violated and continues to violate the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §206(a)(1); §207(a)(1) and §215(a).

52.     Defendant WRS has failed to make, keep and preserve records with respect to the Plaintiff and the class he seeks to represent, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §211(c) and §215(a).

53.     Defendant WRS's conduct as alleged herein constitutes a willful violation of the

FLSA within the meaning of 29 U.S.C. §255(a).

54.     Plaintiff on behalf of himself and the class that he seeks to represent are entitled to damages in the amount of their respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) and other such legal and equitable relief as the Court deems just and proper.

55.     Plaintiff on behalf of himself and the class that he seeks to represent request recovery of their attorney's fees and costs associated with this cause as provided by 29 U.S.C. §216(b).

## **STATE LAW CLAIM-CLASS ACTION ALLEGATIONS**

56.     Plaintiff and the class he seeks to represent allege violations of Louisiana state law on behalf of all persons who were, are, or will be employed by Defendant throughout Louisiana during applicable prescriptive periods, who have not been compensated for regular wages and/or have not been compensated at 1½ times the regular rate of pay for all work performed in excess of forty (40) hours per work week and the failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

57.     Questions of law and fact common to the class as a whole include, but are not limited to, the following:

> a.     Whether Defendant WRS failed and continues to fail to pay regular wage compensation in violation of Louisiana state law (*See* La. R.S. 23:631 *et seq.*[1];
>
> b.     Whether Defendant WRS failed and continues to fail to pay overtime compensation in violation of Louisiana state law;
>
> c.     Whether Defendant WRS's policies and practices of its failure to pay

---

[1] Please note that the Plaintiff and the class he seeks to represent also hereby assert theories of recovery under breach of contract, detrimental reliance, unjust enrichment, and fraud.

wages to Plaintiff and the class he seeks to represent violate the applicable provisions of Louisiana state law;

d.    Whether Defendant WRS's policies and practices of its failure to pay overtime to Plaintiff and the class he seeks to represent violate the applicable provisions of Louisiana state law;

e.    Whether Defendant WRS's failure to pay wages to Plaintiff and the class he seeks to represent was fraudulent;

f.    Whether Defendant WRS's failure to pay overtime to Plaintiff and the class he seeks to represent was fraudulent;

g.    Whether Defendant WRS failed and continues to fail to report all actual time worked by Plaintiff and the class he seeks to represent;

h.    Whether Defendant WRS breached a contract with Plaintiff and the class he seeks to represent when WRS failed to pay Plaintiff and the class he seeks to represent;

i.    Whether Defendant WRS was unjustly enriched by benefiting from the labor and fruits of Plaintiff and the class he seeks to represent when WRS failed to pay Plaintiff and the class he seeks to represent;

j.    Whether Defendant WRS caused Plaintiff and the class he seeks to represent to rely upon WRS's representation that Plaintiff and the class he seeks to represent would be paid for their labor and whether such reliance was to Plaintiff's and the class he seeks to represent's detriment;

k.    Whether Defendant WRS committed fraud when it promised Plaintiff and the class he seeks to represent that they would be paid regular wages and overtime for the work performed and then did not pay them.

58.    The claims in this section are brought as a class action, because Plaintiff's claims are similar to the claims of the members of the prospective class.

59.    The questions raised are of common or general interest to the Class, who have a well-defined community of interest in the questions of law and fact raised in this action.

60.    Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers

from the same violations of law as other putative Class members.

61.    Plaintiff has retained counsel with experience in litigating complex litigation and class actions to represent him and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

62.    This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

63.    Plaintiff does not know the number of members in the Class, however, on information and belief, the Class consists of hundreds or thousands of individuals, making joinder of individual cases impracticable.

64.    Plaintiff's claims are typical of the claims of all other Class members.

65.    Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all the other Class members.

66.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.

67.    Plaintiff and the class he seeks to represent are similarly situated, have substantially similar agreements and pay provisions and are subject to Defendant WRS's common practice, policy or plan of failing to keep accurate records, failing to pay wages, and failing to pay overtime in violation of Louisiana law.

68.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class and subclasses. Plaintiff has retained counsel competent and experienced.

69.     Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so.

70.     Neither Plaintiff nor his counsel has any interests adverse to those of the other Class members.

71.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

72.     Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

73.     Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

74.     By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.

75.     A class action will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own.

76.     Plaintiff anticipates no difficulty in the management of this case as a class

action.

77.      The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

78.      The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

79.      Defendant has acted in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole.

80.      The names and addresses of the Plaintiff putative class members are available from Defendant WRS. To the extent required by law, notice will be provided to the prospective class members via first class mail and/or by use of techniques in a form of notice that has been used customarily in collective actions, subject to court approval.

81.      Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## COUNT II
## FAILURE TO PAY UNDER LOUISIANA STATE LAW

82.      Plaintiff on behalf of himself and the class he seeks to represent allege and incorporate by reference paragraphs 1 through 81.

83.      At all times relevant to this Complaint, the Defendant WRS has been and

continues to be an "employer" within the meaning of the La. R.S. 23:302.

84.      At all times relevant to this Complaint, Defendant WRS employed Plaintiff and continues to employ putative class members, within the definition of La. R.S. 23:302.

85.      Under La. R.S. 23:362 failure to pay wages within fifteen days leads to liability for ninety days wages or for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee.

86.      Demand was made orally approximately fourteen days before the filing of this action by Plaintiff and the Class.

87.      Out of an abundance of caution, demand is hereby made again.

88.      Plaintiff and the class he seeks to represent are entitled to be paid overtime compensation for all overtime hours worked.

89.      Plaintiff and the class he seeks to represent are entitled to be paid regular wages for all regular hours worked.

90.      At all times relevant to this Complaint, Defendant WRS had a policy and practice of failing and refusing to pay regular wages to its employees.

91.      At all times relevant to this Complaint, Defendant WRS had a policy and practice of failing and refusing to pay overtime to its employees.

92.      As a result of Defendant WRS's failure to compensate its employees, including Plaintiff and the class he seeks to represent, for regular wages and at a rate not less than 1½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant WRS has violated and continues to violate Louisiana law.

## COUNT III
## BREACH OF CONTRACT

93.      Plaintiff on behalf of himself and the class he seeks to represent allege and

incorporate by reference paragraphs 1 through 92.

94.     Defendant WRS entered into an oral contract for employment with Plaintiff and the Class.

95.     Payment terms are located above, but suffice to say, a term of the contract was that Plaintiff and the Class would be paid every Friday and would be paid for all hours worked including overtime.

96.     Defendant WRS breached that contract by failing to pay Plaintiff and the Class.

97.     Plaintiff on behalf of himself and the class that he seeks to represent are entitled to damages in the amount of their respective unpaid compensation.

**COUNT IV**
**DETRIMENTAL RELIANCE**

98.     Plaintiff on behalf of himself and the class he seeks to represent allege and incorporate by reference paragraphs 1 through 97.

99.     The Defendant WRS made representations to Plaintiff and the Class that they would be paid on Fridays for the work performed.

100.    Plaintiff and the Class accepted employment with Defendant WRS based on this representation.

101.    In accepting employment, Plaintiff and the Class relied on the representation that they would be paid for the work performed.

102.    Defendant WRS did not pay Plaintiff and the Class, thereby harming them.

103.    Plaintiff and the Class are entitled to recover the reasonable value of the work performed.

## COUNT V
## <u>UNJUST ENRICHMENT</u>

104.    Plaintiff on behalf of himself and the class he seeks to represent allege and incorporate by reference paragraphs 1 through 103.

105.    The Defendant WRS profits from performing disaster restoration work.

106.    The Defendant WRS receives insurance proceeds and additional funds for the work performed by the Plaintiff and the Class.

107.    The Plaintiff and the Class were not paid for the work performed for Defendant WRS.

108.    Accordingly, Defendant WRS was unjustly enriched by the labor provided for by Plaintiff and the Class.

109.    As a result, Plaintiff and the Class are entitled to either the reasonable value of their labor or a disgorgement of all payments made to Defendant WRS as a result of work in Central Louisiana for the flood events.

## COUNT IV
## <u>FRAUD</u>

110.    Plaintiff on behalf of himself and the class he seeks to represent allege and incorporate by reference paragraphs 1 through 109.

111.    The Defendant WRS made representations to Plaintiff and the Class that they would be paid on Fridays for the work performed.

112.    These representations were false.

113.    At the time Defendant WRS made these representations WRS knew they were false.

114.    Defendant WRS intentionally made these false statements in order to induce

Plaintiff and the Class into working for Defendant WRS so Defendant WRS could receive additional proceeds.

115.    Accordingly, Defendant WRS has committed fraud and is liable for all unpaid wages, overtime, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the class that he seeks to represent pray for the following relief:

A.    Designation of this action as a collective action on behalf of the Plaintiff and the class he seeks to represent pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

B.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA 29 U.S.C. §201 et seq.;

C.    An order certifying the Class and appointing named Plaintiff as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

D.    An order declaring the actions of Defendant, as described herein, violate Louisiana State Law and Defendant is liable for breach of contract, unjust enrichment, detrimental reliance, fraud and under La. R.S. 23:631;

E.    Statutory damages of 90 days of wages or twice the wages owed or both;

F.    All actual damages suffered by each Class member;

G.    All costs and attorney's fees incurred by Plaintiff and the Class;

H.    Any punitive damages the Court may allow;

I.    Any other relief this Court deems appropriate.

## <u>DEMAND FOR JURY</u>
## <u>TRIAL</u>

Plaintiff, on behalf of himself and all others similarly situated, hereby demand a trial by jury.

Respectfully Submitted:

VARADI, HAIR, & CHECKI

_/s/ Galen M. Hair_____
GALEN M. HAIR, T.A., #32865
909 Poydras Street, Suite 1100
New Orleans, LA 70112
(504) 684-5200 - Phone
(504) 613-6351 - Fax
hair@vhclaw.com

-and-

SCOTT, SEVIN & VICKNAIR

DAVID VICKNAIR, #34135
CHRIS MEEKS, #35522
3850 N. Causeway Blvd., Suite 1130
Metairie, Louisiana 70002
(504) 264-1057-Phone
(504) 264-5557-Facsimile
brad@ssv-law.com
chrism@ssv-law.com

*Attorneys for Plaintiff and the Proposed*
*Class*