## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DE'MARCUS THOMAS, individually and on behalf of all similarly situated | ) ) ) | CIVIL ACTION NO.:  3:16-00572 |
|     Plaintiff, | ) ) | JUDGE BRIAN A. JACKSON |
|     v. | ) ) | |
| WALLACE, RUSH, SCHMIDT, INC. | ) ) | MAG. RICHARD L. BOURGEOIS, JR. |
|     Defendant. | ) | |

### FIRST AMENDED COLLECTIVE ACTION COMPLAINT, CLASS ACTION COMPLAINT, AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, comes Plaintiff DE'MARCUS THOMAS ("Plaintiffs"), by and through his attorneys, Varadi, Hair & Checki, LLC and Scott, Sevin & Vicknair, APLC on behalf of himself and on behalf of all others similarly situated, who files this Complaint against Defendant, Wallace, Rush, Schmidt, Inc., as follows:

### INTRODUCTION

1. Plaintiffs' Amended Collective Action Complaint, Class Action Complaint, and Demand for Jury Trial asserts claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Louisiana Wage Payment Law, La. R.S. §§ 23:631 *et seq.*; and various articles of the Louisiana Civil Code.

2. Plaintiff brings this action on behalf of himself and all similarly-situated employees hired to perform work for Defendant throughout the State of Louisiana and alleges that Defendant unlawfully failed and refused to pay Plaintiff and members of the Plaintiff Class wages for hours worked and overtime pay.

3. Plaintiff and members of the Plaintiff Class were to be paid hourly and are not exempt

from overtime pay ("Plaintiff Class").

4.      Plaintiff on behalf of himself and the prospective Class seeks compensation for all uncompensated work, damages, penalties and interest as permitted by the applicable law, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 29 U.S.C. §§ 201 *et seq.* and 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over the state claims contained within under 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Defendant because the claims arise out of the Defendant's contacts with the forum. In addition, Defendant does business within the forum such that its contact with the forum is so continuous and systematic to subject it to general jurisdiction in this State.

8.      Jurisdiction and venue are proper in the Middle District of Louisiana because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9.      Plaintiff is a resident of Melville, St. Landry Parish, Louisiana, and was employed with Defendant on or about the middle of August 2016 until on or about August 27, 2016. At all times relevant to this Complaint, Plaintiff was a non-union contract laborer for Defendant, a position for which he was paid hourly and that is not exempt from the overtime provisions of the FLSA.

10.     Defendant is a foreign corporation who is doing business in the State of Louisiana and its registered agent is Edward Schmidt, who can be located at 116 Acadian, Mandeville, LA 70471.

## FACTUAL ALLEGATIONS COMMON TO ALL MEMBERS OF THE CLASS

11.    Upon information and belief, Defendant is in the business of providing laborers to various job sites throughout Louisiana who are in need of disaster relief assistance.

12.    The Defendant hires employees to do work that is largely physical in nature and requires workers to gut and strip the inside of damaged residential and commercial structures, which includes removing damaged drywall, flooring, baseboards, furniture, personal belongings, trash, debris, and any other items on the exterior and interior as needed.  This includes, among other things, damaged drywall, flooring, baseboards, the removal damaged component parts, fixtures, and movables within the structures, and removal and collection, as well as preparation for removal, of trash and debris.

13.    Upon information and belief, Defendant employed in excess of 1,500 employees to perform disaster restoration and related work after the flooding event in August 2016.

14.     Defendant hired Plaintiff and members of Plaintiff Class were hired to perform the work on an hourly basis. Employees were expected to work one twelve hour shift each day for seven days. With breaks and lunch, the actual work time equaled (10) hours per day.

15.    Upon information and belief, Defendant promised to pay employees $12.00 per hour up to forty (40) hours a week, and one and one-half the regular wage rate for any hours worked beyond forty (40) hours per week.

16.    Upon information and belief, Defendant was responsible for assigning jobs to employees and bussing the laborers to the various job sites.

17.    Defendant instructed its employees to report to their job site supervisors for further information related to their duties and responsibilities once assigned to a job site.

18.    Defendant instructed employees to confirm hours with the job site supervisor every day.

19.    Upon information and belief, Defendant's site supervisors were responsible for relaying

3

each employee's work hours to Defendant for payroll processing.

20.     Defendant promised to pay its employees every Friday by loading the compensation onto a "Global Payroll Card." This card is akin to a pre-paid VISA card.

21.     When employees did not receive their wages, the Defendant or its agents provided the Plaintiff and members of the putative class a phone number to contact regarding the payroll issues.

22.     Employees who attempted to contact the telephone number provided to them were greeted with automated responses that directed them to a call center that was established to handle Defendant's issues related to non-payment of employees.

23.     Employees could not reach Defendant at the number for the call center.

24.     After receiving an influx of complaints from unpaid employees, Defendant informed Plaintiff and members of the putative class to appear at a check-in site on August 26, 2016 to receive wages.

25.     Employees were instructed to see a WRS representative at the check-in site who would sign-off on each workers' hours and then submit the payment to each worker thereafter.

26.     Plaintiff and members of the putative class waited for a few hours on the morning of August 26, 2016 at the check-in site in extreme weather conditions, but Defendant failed to show up at the check-in site to pay its workers on that date.

27.     Upon information and belief, Defendant received notice that news reporters were contacted regarding the non-payment issues and refused to show up at the check-in site on August 26, 2016 as a result.

28.     Defendant instructed its employees to return on August 27, 2016 to receive their payments.

29.     Defendant failed to pay its employees as promised on August 27, 2016.

4

30.    Defendant instructed its employees to return on August 28, 2016 to receive their payments.

31.    Defendant failed to pay its employees as promised on August 28, 2016.

32.    Many of Defendant's employees do not live in the local Baton Rouge area and were forced to drive hundreds of miles back and forth to the check-in site only to be refused payment. Defendant offered no additional compensation for the time spent and mileage incurred on these trips.

33.    Upon information and belief, Defendant has a pattern and practice of refusing to pay its employees. This pattern and practice relates not only to the disaster restoration efforts after the 2016 flooding, but also to other projects throughout Louisiana for which Defendant provides labor.

34.    Plaintiff and members of the putative class have demanded payment from Defendant to no avail.

### FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

35.    Plaintiff was hired following the flooding that plagued central Louisiana in August 2016 to perform disaster restoration services.

36.    Defendant hired Plaintiff to perform labor at job sites in need of disaster restoration services.

37.    Like all members of the Plaintiff Class, Plaintiff was hired to do work that is largely physical in nature and requires workers to gut and strip the inside of damaged residential and commercial structures, which includes removing damaged drywall, flooring, baseboards, furniture, personal belongings, trash, debris, and any other items on the exterior and interior as needed.  This includes, among other things, damaged drywall, flooring, baseboards, the removal damaged component parts, fixtures, and movables within the structures, and removal and collection, as well as preparation for removal, of trash and debris.

38.     More specifically, Plaintiff was hired to work twelve (12) hour shifts at $12.00 per hour. Plaintiff worked seven days per week.  With breaks and lunch, the actual work time equaled ten (10) hours per day.

39.     Defendant told Plaintiff that he would be paid overtime for any work above and beyond forty (40) hours per week.

40.     Defendant instructed Plaintiff to be present at the check-in site at approximately 5:00 a.m. to receive his job site assignment.

41.     The check-in site was located in the parking lot of Cajun Industries, LLC located at 15635 Airline Highway, Baton Rouge, Louisiana 70817.

42.     Defendant assigned Plaintiff to a job site and provided a shuttle service to the job site.

43.     Once assigned to a certain job site, Plaintiff would report directly to the job site in the morning instead of meeting at the check-in site.

44.     During Plaintiff's employment with Defendant, Plaintiff would leave his residence in Melville, Louisiana at 3:00 a.m. to be on time to perform services for Defendant.

45.     While at the job site, the job site supervisors determined the job site duties and responsibilities of Plaintiff and other workers at the site.

46.     Plaintiff was instructed to sign-in with the site supervisor upon arrival and sign-out upon departure.  The job site supervisor, an employee of another company, would then presumably provide Defendant with the time sheets.

47.     After work at a job site was complete, Plaintiff was instructed to report to the parking lot of Cajun Industries, LLC to receive a new job assignment.

48.     During his period of employment with Defendant, Plaintiff worked at two job sites: (1) Baker Dialysis Center and (2) Amite High School.

49.     During Plaintiff's tenure with Defendant, Plaintiff worked approximately two weeks at seventy working hours per week, equaling a total of approximately 140 hours.

50.     Plaintiff witnessed firsthand many potential members of the Plaintiff Class working alongside him performing similar work during similar work hours.  Plaintiff also witnessed numerous other potential members at the check-in site that would then be sent to other job sites.

51.     Defendant promised Plaintiff and members of Plaintiff Class that wages would be paid every Friday.

52.     In lieu of direct deposit or check, Plaintiff was given a "Global Card" that was to be loaded with the wages he earned during the pay period.

53.     Defendant experienced problems with its compensation system and began defaulting on paying Plaintiff and other members of the putative class.

54.     Plaintiff was given a point-of-contact of Defendant to call or text, but was greeted with automated responses that directed him to a call center that was established to handle Defendant's issues of non-payment.

55.     Plaintiff was unable to reach Defendant at the number for the call center.

56.     Defendant later instructed Plaintiff to appear at the check-in site on August 26, 2016 to receive his payments.

57.     Plaintiff was instructed to see a Defendant employee at the check-in site who would sign-off on each workers' hours and then submit the payment to each worker thereafter.

58.     Plaintiff waited for several hours on the morning of August 26, 2016, but Defendant failed to show up at the check-in site to pay its workers.

59.     Defendant instructed Plaintiff to return on August 27, 2016 to receive his payment.

60.     Plaintiff returned to the site on August 27, 2016 and still did not receive payment.

61.     Defendant instructed Plaintiff to return on August 28, 2016 to receive his payment.

62.     Again on August 28, 2016, Plaintiff returned to the site and was not paid.

63.     Plaintiff does not live in the local Baton Rouge area and drove hundreds of miles back and forth only to be refused compensation.

64.     On numerous occasions, Plaintiff waited for hours in the hot-August sun trying to obtain payment from Defendant and once waited in the rain.

65.     Plaintiff quit working for Defendant after August 27, 2016 because of Defendant's refusal to pay him and other workers.

66.     Plaintiff attempted to contact Defendant numerous times about payment, but Defendant never responded to Plaintiff's call.

67.     Plaintiff was forced to quit as he could no longer afford to perform arduous physical labor for zero compensation.

68.     Plaintiff has demanded payment from Defendant to no avail.

69.     To date, Plaintiff has not been compensated for any of the wages he earned.

## FLSA COLLECTIVE ACTION

70.     Plaintiff, on behalf of himself and the Plaintiff Class he seeks to represent, allege and incorporate by reference paragraphs 1 through 69.

71.     Plaintiff and Plaintiff Class he seeks to represent allege violations of the FLSA on behalf of all persons who were or are currently employed by Defendant in the State of Louisiana and who have not been compensated for regular wages and/or have not been compensated the overtime rate of one and one-half (1½) times the regular rate of pay for all work performed in excess of forty (40) hours per work week, and for any employee for which Defendant failed to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each

8

workday and total hours worked by each class member each workweek.

72.     Plaintiff and the members of the Plaintiff Class are similarly situated in that they were hired to perform disaster restoration work on an hourly basis for the same rate of pay.

73.     Further, Plaintiff and members of the Plaintiff Class have the same claims for violations of the FLSA pursuant to 29 U.S.C. § 216(b).

74.     The Plaintiff and the members of the putative class were together the victims of Defendant's improper policies and practices of failing to keep accurate payroll records and failing to pay regular wages and overtime.

75.     The potential Plaintiff Class members are similarly situated because they all worked for Defendant as laborers providing disaster restorative services as explained above in the State of Louisiana.  The potential Plaintiff Class members were all given job assignments by Defendant, directed by job site supervisors as to the specific service to be performed (i.e. removing drywall or insulation; ripping up flooring; disposing of trash; and other flood related remediation activities), reported back to Defendant to receive further assignments, and then reported to Defendant to receive payment.

76.     The potential Plaintiff Class members are similarly situated because they all advance similar claims of not being compensated for regular wages and/or overtime wages under both federal and state law.  Plaintiff personally witnessed and spoke with numerous potential Plaintiff Class members as they attempted to receive payments from Defendant but were turned away and were also not paid by Defendant for similar work performed as Plaintiff.

77.     There are questions of law or fact common to the potential Plaintiff Class alleging violations of the FLSA, including but not limited to the following:

  ▪ Whether Defendant failed and continues to fail to pay regular wage compensation in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*;

- Whether Defendant failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*;

- Whether Defendant's policies and practices of its failure to pay wages to Plaintiff and the Plaintiff Class he seeks to represent violate the applicable provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*;

- Whether Defendant's policies and practices of its failure to pay overtime to Plaintiff and the Plaintiff Class he seeks to represent violate the applicable provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*;

- Whether Defendant's failure to pay wages to Plaintiff and the Plaintiff Class he seeks to represent was willful within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*;

- Whether Defendant's failure to pay overtime to Plaintiff and the Plaintiff Class he seeks to represent was willful within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

- Whether Defendant failed and continues to fail to make accurate records of actual time worked by Plaintiff and the Plaintiff Class he seeks to represent;

- Whether Defendant failed and continues to fail to maintain accurate records of actual time worked by Plaintiff and the Plaintiff Class he seeks to represent;

- Whether Defendant failed and continues to fail to report all actual time worked by Plaintiff and the Plaintiff Class he seeks to represent; and

- Whether Defendant failed and continues to fail to preserve accurate records of actual time worked by Plaintiff and the Plaintiff Class he seeks to represent.

10

78.     The names and addresses of the Plaintiff putative class members are available from Defendant WRS.  To the extent required by law and subject to this Court's approval, notice will be provided to the prospective class members via first class mail and/or by use of techniques in a form of notice that has been used customarily in collective actions.

## CLASS ACTION ALLEGATIONS

79.     Plaintiff, on behalf of himself and the Plaintiff Class he seeks to represent, allege and incorporate by reference paragraphs 1 through 78.

80.     Plaintiff and the Plaintiff Class he seeks to represent bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure to assert violations of Louisiana state law.

81.     Plaintiff may sue as a representative party on behalf of all potential Plaintiff Class members because the prerequisites of numerosity, commonality, typicality, and representative adequacy are satisfied pursuant to Federal Rule of Civil Procedure 23(a).

82.     The potential Plaintiff Class is so numerous that joinder of all members is impracticable because, upon information and belief, there are at least 1,500 members of the putative class.

83.     Upon information and belief, Defendant hired at least 1,500 workers who were employed by Defendant immediately after the flooding in August 2016.

84.     Joinder is impracticable because of the number of potential class members and due to the fact that putative class members were hired to perform work across the State of Louisiana – not just one defined area. Furthermore, the potential class members do not all live within the same geographic location.

85.     There are questions of law or fact common to the potential Plaintiff Class alleging violations of Louisiana law, including but not limited to the following:

        a)      Whether Defendant failed and continues to fail to pay regular wage compensation in

violation of Louisiana state law, La. R.S. 23:631 *et seq.*;

b)      Whether Defendant is subject to penalties for failure to pay wages and overtime pay under La. R.S. 23:631 *et seq.*;

c)      Whether Defendant's failure to pay wages to Plaintiff and the Plaintiff Class he seeks to represent was fraudulent;

d)      Whether Defendant's failure to pay overtime to Plaintiff and the Plaintiff Class he seeks to represent was fraudulent;

e)      Whether Defendant breached a contract with Plaintiff and the Plaintiff Class he seeks to represent when Defendant failed to pay putative class members according the terms of their employment;

f)      Whether Defendant was unjustly enriched by benefiting from the labor and fruits of the putative class by not compensating putative class members for their work;

g)      Whether Defendant promised to pay putative class members for their labor and whether putative class members relied such promises to their detriment; and

h)      Whether D Defendant committed fraud when it promised to pay putative class members regular wages and overtime for the work performed and then did not pay them.

86.      Plaintiff and putative class members were hired to perform the same or similar work, and despite promises to pay, the Defendant has failed or refused to pay Plaintiff and members of the putative class as agreed.

87.      Plaintiff will fairly and adequately represent and protect the interests of the members of the putative class.

88.      Plaintiff has retained counsel with experience in litigating complex litigation and class

actions to represent him and the Plaintiff Class.

89.     Neither Plaintiff nor his counsel has any interests adverse to those of the other Plaintiff Class members.

90.     The prosecution of separate actions by individual class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Plaintiff Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Plaintiff Class members to protect their interests. Likewise, the prosecution of individual actions by Plaintiff Class members would establish inconsistent standards of conduct for Defendant.  Considering the varying case precedent in different jurisdictions, a finding on the issue in one court on an individual claim may completely bar the rest of the Plaintiff Class from seeking relief.

91.     Defendant has acted in ways generally applicable to the Plaintiff Class, as evidenced by the slew of people who have not yet received any payment of regular wages or overtime wages from Defendant. Defendant's general actions towards Plaintiff and Plaintiff Class thereby make final injunctive relief or corresponding declaratory relief appropriate respecting the class as a whole under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

92.     Plaintiff's claims and the Plaintiff Class members' claims are based on the same legal theories and arise from the same unlawful conduct.

93.     There are questions of law and fact common to the Plaintiff Class that predominate over any questions affecting only individual Plaintiff Class members.

## COUNT I: VIOLATIONS OF THE FLSA

94.     Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent allege and incorporate by reference paragraphs 1 through 93, including all the factual allegations that satisfy the

following claims.

95.     Plaintiff asserts violations of the FLSA on behalf of himself and all potential members of the collective action.

96.     At all times relevant to this Complaint, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA 29 U.S.C. § 203(d).

97.     At all times relevant to this Complaint, Defendant employed Plaintiff and continues to employ putative Class members, within the definition of the FLSA 29 U.S.C. § 203(e)(1).

98.     Upon information and belief, at all times relevant to this Complaint, Defendant has had gross operating revenues in excess of $500,000.00, 29 U.S.C. § 203(s)(1)(A)(i) and (ii).

99.     The named Plaintiff consents to sue in this action pursuant to the FLSA. The FLSA requires each covered employer such as Defendant to pay at least minimum wage for all hours worked.

100.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half (1½) the regular rate of pay for work performed in excess of forty (40) hours in a work week.

101.     Plaintiff and the putative class were to be paid hourly and are not exempt from the right to receive overtime pay under the FLSA or the right to receive at least minimum wage.

102.     Plaintiff and the putative class are entitled to be paid regular wages for all regular hours worked. Plaintiff and the putative class are entitled to be paid overtime compensation for all overtime hours worked.

103.     At all times relevant to this Complaint, Defendant had a policy and practice of failing and refusing to pay regular wages to its employees.

104.     At all times relevant to this Complaint, Defendant had a policy and practice of failing

14

and refusing to pay overtime to its employees.

105.    As a result of Defendant's failure to compensate its employees, including Plaintiff and the Plaintiff Class he seeks to represent, for regular wages and at a rate not less than one and one-half (1½) times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. §§ 206(a)(1); 207(a)(1); 215(a).

106.    Defendant has failed to make, keep and preserve records with respect to the Plaintiff and the Plaintiff Class he seeks to represent, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and §215(a).

107.    Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiff on behalf of himself and the Plaintiff Class that he seeks to represent are entitled to damages in the amount of their respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

109.    Plaintiff on behalf of himself and the Plaintiff Class that he seeks to represent request recovery of their attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

## COUNT II: VIOLATIONS OF THE LOUISIANA WAGE PAYMENT LAW

110.    Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent allege and incorporate by reference paragraphs 1 through 109.

111.    Plaintiff asserts violations of the Louisiana Wage Payment Law on behalf of himself and

all members of the putative class under Federal Rule of Civil Procedure 23.

112.   At all times relevant to this Complaint, the Defendant has been and continues to be an "employer" within the meaning of the La. R.S. 23:302.

113.   At all times relevant to this Complaint, Defendant employed Plaintiff and continues to employ putative Class members within the definition of La. R.S. 23:302.

114.   Under La. R.S. 23:631 failure to pay wages within fifteen (15) days leads to liability for ninety (90) days of wages or for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee.

115.   Plaintiff and putative class members demanded payment of all amounts due and owing verbally and in writing multiple times.

116.   Despite the demands of Plaintiff and those of the putative class members, Defendant failed to make payment within the time period required by law.

## COUNT III: BREACH OF CONTRACT

117.   Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent allege and incorporate by reference paragraphs 1 through 116.

118.   Plaintiff asserts breach of contract on behalf of himself and all members of the putative class under Federal Rule of Civil Procedure 23.

119.   Defendant entered into an oral contract for employment with Plaintiff and the Plaintiff Class.

120.   According to the agreement, Plaintiff and the Plaintiff Class would be paid every Friday and would be paid for all hours worked including overtime.

121.   Defendant breached that contract by failing to pay Plaintiff and the Plaintiff Class.

122.   Plaintiff on behalf of himself and the Plaintiff Class that he seeks to represent are entitled

to damages in the amount of their respective unpaid compensation.

**COUNT IV: DETRIMENTAL RELIANCE**

123.    Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent allege and incorporate by reference paragraphs 1 through 122.

124.    In the alternative, Plaintiff asserts claims for detrimental reliance on behalf of himself and all members of the putative class under Federal Rule of Civil Procedure 23.

125.    Defendant promised to pay Plaintiff and members of the putative class on multiple occasions that they would be paid regular wages and overtime, which plaintiff and putative class members relied on to their detriment in accepting employment.

126.    In accepting employment, Plaintiff and the Plaintiff Class relied on the representation that they would be paid for the work performed. This reliance damaged Plaintiff and the Plaintiff Class in that they were not compensated for work performed for Defendant, and prevented them from procuring other work.

127.    Plaintiff and the Class are entitled to recover the reasonable value of the work performed.

**COUNT V: UNJUST ENRICHMENT**

128.    Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent allege and incorporate by reference paragraphs 1 through 127.

129.    In the alternative, Plaintiff asserts claims for unjust enrichment on behalf of himself and all members of the putative class under Federal Rule of Civil Procedure 23.

130.    Defendant profits from providing workers to perform disaster restoration services to disaster-stricken areas.

131.    Defendant receives insurance proceeds and additional funds for the work performed by the Plaintiff and the Plaintiff Class.

132.    Part of the funds by Defendant are intended to pay for the services being provided by the workers hired by Defendant.

133.    Plaintiff and the Plaintiff Class were not paid for the work performed for Defendant.

134.    Defendant lacked a justification for failing to pay Plaintiff and the Plaintiff Class as Plaintiff performed their part of the agreement.

135.    Accordingly, Defendant was unjustly enriched by the labor provided for by Plaintiff and the Plaintiff Class.

136.    As a result, Plaintiff and the Plaintiff Class are entitled to either the reasonable value of their labor or a disgorgement of all insurance payments and funds made to Defendant as a result of work in Central Louisiana for the flood events.

## **COUNT VI: FRAUD**

137.    Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent allege and incorporate by reference paragraphs 1 through 136.

138.    In the alternative, Plaintiff asserts fraud on behalf of himself and all members of the putative class under Federal Rule of Civil Procedure 23.

139.    Defendant made representations to Plaintiff and the Plaintiff Class that they would be paid on Fridays for the work performed.

140.    At the time Defendant knew these representations were false.

141.    Defendant made the same representation that it would pay Plaintiff and Plaintiff Class on more than one occasion, yet those representations were also false.

142.    Defendant intentionally made these false statements in order to induce Plaintiff and the Plaintiff Class into working for Defendant so Defendant could receive additional proceeds.

143.    Defendant specifically refused to show up at the check-in site to pay its employees on

August 26, 2016 in retaliation against the employees for contacting a local news source about Defendant's unsavory business practices.

144.    Defendant has committed fraud and is liable for all amounts due and owing and for damages, attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and the Plaintiff Class he seeks to represent pray for the following relief:

1.    Designation of this action as a collective action on behalf of the Plaintiff and the Plaintiff Class he seeks to represent pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

2.    An order certifying a class as to the claims arising under Louisiana Revised Statute 23:631 *et seq* and the claims for unjust enrichment, detrimental reliance, breach of contract, and fraud;

3.    An order appointing named the Plaintiff, De'Marcus Thomas, as representative of the Class and appointing the undersigned counsel for Plaintiff as class counsel for the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; Statutory damages of ninety (90) days of wages or twice the wages owed or both for Plaintiff and each Plaintiff Class member; All actual damages suffered by each Plaintiff and each Plaintiff

Class member;

4.    All costs and attorney's fees incurred by Plaintiff and the Plaintiff Class;

5.    Any punitive damages the Court may allow; and

6.    Any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demand a trial by jury.

Respectfully Submitted:

VARADI, HAIR, & CHECKI

_/s/ Galen M. Hair_____
GALEN M. HAIR, T.A., #32865
909 Poydras Street, Suite 1100
New Orleans, LA 70112
(504) 684-5200 - Phone
(504) 613-6351 - Fax
hair@vhclaw.com

-and-

SCOTT, SEVIN & VICKNAIR

DAVID VICKNAIR, #34135
CHRIS MEEKS, #35522
3850 N. Causeway Blvd., Suite 1130
Metairie, Louisiana 70002
(504) 264-1057-Phone
(504) 264-5557-Facsimile
david@ssv-law.com
chrism@ssv-law.com

*Attorneys for Plaintiff and the Proposed Class*

20

**<u>CERTIFICATE OF SERVICE</u>**

I, undersigned counsel, did file the above and foregoing into the Court's CM/ECF system on the 13th day of November, 2016, which automatically generated a notice to all counsel of record.


\_\_\_\_/s/ Galen M. Hair\_\_\_\_\_
Galen M. Hair