UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DE'MARCUS THOMAS, individually and on behalf of all similarly situated,<br>*Plaintiff* | *<br>*<br>*<br>* | CIVIL ACTION NO. 3:16-00572<br><br>JUDGE JACKSON |
| versus | *<br>* | MAGISTRATE JUDGE BOURGEOIS |
| WALLACE, RUSH, SCHMIDT, INC.<br>*Defendant* | *<br>* | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant D&A Enterprises, Inc. d/b/a Servpro of Fort Collins ("D&A") respectfully submits this memorandum in support of its Motion for Summary Judgment dismissing all claims that Plaintiff De'Marcus Thomas ("Thomas") has asserted against D&A with prejudice. The undisputed facts confirm that because D&A never employed Thomas, he has no basis to assert any claims against D&A either on an individual or collective basis, and D&A is entitled to judgment as a matter of law.[1]

**I.     Facts**

Thomas sued his former employer Wallace, Rush, Schmidt, Inc. ("WRS") for unpaid overtime under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, in his individual capacity and also as the class representative in an FLSA collective action. In his Third Amended Complaint (R. Doc. 51), which was filed over two years after his original complaint (R. Doc. 1), Thomas added D&A as a defendant and alleges that D&A was his joint employer (with his actual employer WRS), and therefore D&A is also liable to him under the FLSA for unpaid overtime, among other claims. (R. Doc. 51, ¶¶11, 15).

---

[1]     This motion does not impact Thomas's claims against defendant Wallace, Rush, Schmidt, Inc. or the other pending motions in this action.

Thomas alleges that "During his period of employment with Defendants, De'Marcus Thomas worked at two job sites: (1) the Baker Dialysis Center and (2) Amite High School." (R. Doc. 51, ¶52). He also alleges that the job site supervisors at the Baker Dialysis Center and Amite High School were representatives of both WRS and D&A. (R. Doc. 51, ¶21).

Defendant WRS provided labor services to its customers who performed cleanup recovery services in connection with the 2016 Baton Rouge area flood ("the LA Flood").[2] WRS employed plaintiff Thomas for approximately two weeks in the second half of August 2016 and assigned Thomas to work on jobs for just two of its customers – Service Master and Servpro of Greater Boulder.[3] WRS did **not** assign Thomas to work at the sole D&A job in connection with the LA Flood.[4] Further, the check stubs for all pay periods in which Thomas was employed by WRS indicate that the customers of WRS on whose jobs Thomas worked were Service Master ("SRM") and Servpro of Greater Boulder.[5]

D&A is a Servpro franchisee of Servpro Industries, Inc.[6] D&A provided cleanup recovery services in connection with the LA Flood at one job, and WRS furnished its employees' labor services for this job.[7] The one job on which WRS assigned WRS employees to perform services for D&A in connection with the LA Flood, however, was neither Baker Dialysis Center nor Amite High School.[8] WRS provided no labor services to D&A at the Baker Dialysis Center or Amite High School, and the sole job for which WRS provided labor services to D&A did not involve a

---

[2]  Exh. 1, Brooks Declaration, ¶ 3.

[3]  Exh. 1, Brooks Declaration, ¶¶ 4–6; Third Amended Complaint, R. Doc. 51, ¶9.

[4]  Exh. 1, Brooks Declaration, ¶¶ 7, 8.

[5]  Exh. 1, Brooks Declaration, ¶ 6.

[6]  Exh. 2, Garrett Declaration, ¶¶ 7, 8.

[7]  Exh. 2, Garrett Declaration, ¶ 5.

[8]  Exh. 2, Garrett Declaration, ¶ 4; Exh. 1, Brooks Declaration, ¶¶ 7, 8.

dialysis center or a high school.[9] Nor did D&A employ any job site supervisors at either Baker Dialysis Center or Amite High School.[10] Thomas did not work on the sole job for which WRS provided labor services in connection with the LA Flood.[11]

WRS was responsible for hiring and paying its employees whose services it provided to D&A.[12] WRS submitted invoices and supporting documentation with the name and identifying information on every WRS employee who performed services on the one D&A job in connection with the LA Flood.[13] The WRS invoices and the supporting documentation that WRS submitted on the D&A job make no reference to Thomas.[14] Moreover, D&A's personnel records confirm that it did not employ anyone named De'Marcus Thomas in 2016.[15]

D&A is entirely separate from both Servpro of Greater Bolder and Service Master.[16] D&A has no connection to any ServiceMaster entity and no involvement in ServiceMaster operations.[17] Although D&A and Servpro of Greater Boulder are both Servpro franchisees, D&A is an entirely separate entity with separate ownership and operations from Servpro of Greater Boulder, which is a d/b/a name for Olson Restoration, LLC.[18] Further, D&A is an entirely separate

---

[9]  Exh. 1, Brooks Declaration, ¶¶ 7, 8; Exh. 2, Garrett Declaration, ¶ 4

[10] Exh. 2, Garrett Declaration, ¶ 4.

[11] Exh. 1, Brooks Declaration, ¶ 8.

[12] Exh. 2, Garrett Declaration, ¶ 5.

[13] Exh. 1, Brooks Declaration, ¶ 6; Exh. 2, Garrett Declaration, ¶ 6.

[14] Exh. 2, Garrett Declaration, ¶ 6.

[15] Exh. 2, Garrett Declaration, ¶ 3.

[16] Exh. 3, Jeffries Declaration, ¶¶ 4–6.

[17] Exh. 3, Jeffries Declaration, ¶¶ 4–5.

[18] Exh. 3, Jeffries Declaration, ¶¶ 6–7; Exh. 2, Garrett Declaration, ¶¶ 7–8.

entity from Servpro Industries, Inc., which is the Servpro franchisor and has completely different ownership and management.[19]

## II.   Summary of the Argument

The undisputed facts show that D&A never employed Thomas. To recover unpaid overtime compensation under the FLSA, the plaintiff must prove there is an employment relationship with the defendant. And to bring a collective action under the FLSA, a putative collective action representative must actually be a member of the class he seeks to represent. Because D&A did not employ Thomas and was not a joint employer of Thomas with WRS, Thomas has no individual claim under the FLSA for unpaid overtime against D&A. Due to his lack of an employment relationship with D&A, Thomas cannot represent a class of D&A employees. Thomas also cannot prove his claims for unpaid wages under the Louisiana Wage Payment Statute, breach of contract, unjust enrichment, detrimental reliance, negligence, and a recordkeeping violation under the FLSA. Therefore, because there is no genuine dispute as to any **material** fact, D&A is entitled to summary judgment as to all of Thomas's claims against D&A.

## III.   Law and Argument

### A.   Summary Judgment Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Securities & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

---

[19]   Exh. 3, Jeffries Declaration, ¶ 7; Exh. 2, Garrett Declaration, ¶¶ 7–8.

**B.     D&A is not Thomas's actual employer or joint employer.**

It is undisputed that Thomas was actually employed by WRS. He admits as much throughout the Third Amended Complaint. (*E.g.*, R. Doc. 51, ¶¶ 17, 19, 20). His allegation that D&A is also his employer is belied by his allegations and the facts regarding D&A's work in connection with the LA Flood. To the extent that Thomas alleges that D&A is Thomas's "joint employer," Thomas has likewise failed to allege any facts sufficient to prove an employer-employee relationship with D&A. (R. Doc. 51, ¶¶ 15–17, 21).

A plaintiff's first requirement to establish a claim for overtime pay under the FLSA is proof of an employer-employee relationship. *See Tillman v. Louisiana Children's Med. Ctr.*, No. 16-14291, 2017 WL 1399619, at *2 (E.D. La. Apr. 19, 2017). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). And "[t]o prove that a party was an employer under FLSA, the plaintiff must allege facts showing that the defendant had the requisite control over aspects of her employment." *Tillman*, 2017 WL 1399619, at *2 (dismissing an FLSA overtime claim against one of two co-defendants where the plaintiff failed to allege that the defendant had "any actual control over [p]laintiff.").

The Fifth Circuit uses the "economic reality" test to determine whether there is an employer/employee relationship under the FLSA. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)); *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 253 (5th Cir. 2012) (affirming trial court's granting of summary judgment

on plaintiffs' FLSA claims in favor of three individual defendants where "no reasonable jury could have found them to be [plaintiffs]' employers where none of the economic reality test factors dictated that conclusion."). Moreover, "[i]n cases where there may be more than one employer, this court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'" *Gray*, 673 F.3d at 355 (quoting *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)). "While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless." *Id.* at 357.

Here, Thomas cannot satisfy even one of the four elements of the economic realities test, because D&A exercised no direct or indirect control over Thomas. WRS employed Thomas for a brief period of time and assigned him to work for two of its customers, Service Master and Servpro of Greater Boulder – neither of which are D&A.[20] The pay stubs WRS issued to Thomas during his employment with WRS evidence that WRS assigned Thomas as a laborer to ServiceMaster and Service Pro of Boulder.[21] D&A is a separate and distinct entity from ServiceMaster and Service Pro of Boulder.[22] Additionally, D&A, Service Pro of Boulder, and Service Pro Industries, Inc. are all distinct, separately owned entities.[23]

While Thomas alleges he worked for WRS on two job sites, the Baker Dialysis Center and Amite High School (R. Doc. 51, ¶52), WRS supplied labor to D&A at one and only one job – which was neither a dialysis center or a high school.[24] Thomas did not work on the sole job for

---

[20]   Exh. 1, Brooks Declaration, ¶ 4–6; Exh. 3, Jeffries Declaration, ¶¶ 4–7.

[21]   Exh. 1, Brooks Declaration, ¶ 6.

[22]   Exh. 3, Jeffries Declaration, ¶¶4–6.

[23]   Exh. 3, Jeffries Declaration, ¶¶4–7.

[24]   Exh. 1, Brooks Declaration, ¶¶7–8.

which WRS supplied D&A with labor in connection with the LA Flood.[25]  D&A provided no supervision and did not otherwise control Thomas's work at the Baker Dialysis Center or Amite High School.[26]  Further, D&A maintained no employment records related to the jobs Thomas worked, and D&A's records reflect that it never employed anyone named De'Marcus Thomas.[27]

D&A's total lack of relationship with Thomas precludes him from satisfying the economic realities test required to render D&A liable under the FLSA as an actual employer or joint employer for allegedly unpaid overtime.

### C. Thomas is not a member of the putative class he seeks to represent, because D&A was never his employer.

In addition to his individual overtime claim, Thomas has asserted a collective action against D&A in which he seeks to represent a putative class of D&A employees.  (R. Doc. 51, ¶¶ 74–82).  The FLSA permits an individual employee "to bring a collective action against their employer to recover unpaid overtime . . . on their own behalf and on behalf of other 'similarly situated' employees."  *Cook v. Flight Servs. & Sys. Inc.*, No. 16-15759, 2017 WL 1407808, at *3 (E.D. La. Apr. 20, 2017) (citing 29 U.S.C. § 216(b)); *Creech v. Holiday CVS, LLC*, No. 11-46, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012).  To bring an FLSA collective action, the putative class plaintiff must himself be a member of the class he seeks to represent.  *E.g.*, *Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 536 (E.D. Pa. 2012) ("[Plaintiff] fails to state a cognizable claim under the FLSA. Accordingly, he cannot bring a collective action on behalf of his co-workers under the FLSA, even assuming those co-workers state cognizable claims under the Act, . . . .").

---

[25]  Exh. 1, Brooks Declaration, ¶ 8.

[26]  Exh. 2, Garrett Declaration, ¶ 4.

[27]  Exh. 2, Garrett Declaration, ¶¶ 3, 6.

And a court need not analyze whether a plaintiff and the employees he seeks to represent are similarly situated, where the plaintiff's individual claim fails. *See id.*

Because Thomas was never employed by D&A, he has no individual FLSA claim against D&A. And to the extent that Thomas seeks to represent D&A employees in his collective action claims in this lawsuit, Thomas is not a member of the very group of individuals he seeks to represent. Thomas cannot bring an FLSA collective action on behalf of a putative class of D&A employees, where he himself was never employed by D&A. Thomas, therefore, is not a proper class representative of a putative FLSA collective against D&A. D&A is accordingly entitled to judgment as a matter of law dismissing Thomas's FLSA collective action claims.

### D. All of Thomas's other claims should also be dismissed as a matter of law.

Like his FLSA wage claims, Thomas's other claims against D&A fail as a matter of law:

- Thomas's claim under the Louisiana Wage Payment Statute (the "LWPS"), La. Rev. Stat. § 23:631, (R. Doc. 51, ¶¶114–20) fails for the same reason as his claims under the FLSA, because to be liable for unpaid wages under the LWPS, there must be an employment relationship. *Tillman*, 2017 WL 1399619, at *3. To determine an employment relationship under the LWPS, courts look to whether the alleged employer has the right to supervise or control the employee. *Id.* (dismissing employee's claim under the LWPS where defendant did not have the right to supervise or control employee). Here, as set forth above, Thomas cannot prove any relationship with D&A. Therefore, D&A, is entitled to summary judgment as to Thomas's claim under the LWPS.

- D&A is entitled to summary judgment as to Thomas's claim for breach of contract (R. Doc. 51, ¶¶122–26) because there was no contract between D&A and Thomas. *Riley v. Union Par. Sch. Bd.*, No. 08-0319, 2010 WL 3245136, at *4 (W.D. La. Aug. 16, 2010) (finding that "because there was no employment contract, [plaintiff]'s claim for breach of contract . . . fails.").

- D&A is also entitled to summary judgment as to Thomas's claim for detrimental reliance (R. Doc. 51, ¶¶128–31) because there was no relationship between Thomas and D&A. "To make out a claim for detrimental reliance the plaintiff must establish that (1) the defendant made a representation by conduct or word; (2) the plaintiff reasonably relied on the defendant's representation; and (3) the plaintiff changed its position to its detriment in reliance on the representation." *Active Mortg., LLC v. Trans Union, LLC*, No. 09-986, 2010 WL 4627730, at *4 (M.D. La. Nov. 4, 2010) (citing *Suire v. Lafayette City–Parish Consol. Gov't*, 907 So.2d 37, 59 (La. 2005)) (finding no issue of material fact as to plaintiff's detrimental reliance claim where plaintiff failed to show that defendant "made any concrete representations either through words or conduct."). Here, D&A has no relationship with Thomas and has made no representation to him on which he could reasonably rely.

- Thomas's claim for unjust enrichment under La. Civ. Code art. 2298 (R. Doc. 51, ¶¶133–40) also fails as a matter of law, because Thomas cannot show that D&A was enriched by his labor. *Louisiana Workers' Comp. Corp. v. The Hartford*, 616 F. Supp. 2d 608, 610 (M.D. La. 2008). The undisputed material facts establish that Thomas never worked for D&A.

- Thomas's fraud claim against D&A (R. Doc. 51, ¶¶141–46) also fails as a matter of law, because D&A made no representation to Thomas, as there was no employment relationship or other relationship between them. *See, e.g.*, *Jones v. Honeywell Int. Inc.*, 295 F. Supp. 2d 652, 672–73 (M.D. La. 2003) (granting summary judgment as to employee's fraud claim under La. Civil Code art. 1953).

- Thomas cannot prove his claim against D&A for negligence (R. Doc. 51, ¶¶150–58) because he cannot establish that D&A had any duty to Thomas through an employment relationship or otherwise. *E.g.*, *Johnson v. Transwood, Inc.*, No. 14-102, 2015 WL 5634584, at *2–3 (M.D. La. Sept. 24, 2015) (granting defendant's summary judgment as to plaintiff's

negligence claim where the plaintiff failed to prove that the defendant owed him a duty), *aff'd sub nom. Butler v. Axiall*, L.L.C., 671 F. App'x 303 (5th Cir. 2016). Because Thomas cannot prove D&A owed him a duty, Thomas's negligence claim fails as a matter of law.

- Finally, Thomas has no claim for a recordkeeping violation and cannot maintain a collective action under 29 U.S.C. § 215(a)(5) of the FLSA (R. Doc. 51, ¶¶ 75, 110, 152–58), because there is no private right of action for a recordkeeping violation under the FLSA. *Lackey v. SDT Waste and Debris Services, LL*C, No. 11-1087, 2014 WL 2861819, at *3 (E.D. La. June 24, 2014) (dismissing employees's recordkeeping claim and noting that "every court to consider the issue has held that private parties lack standing to enforce the FLSA's record-keeping provisions.").

**IV.    Conclusion**

The undisputed material facts show that D&A had no actual or joint employment relationship with Thomas. Therefore, the Court should enter summary judgment dismissing all claims against D&A with prejudice for the reasons explained above.

               Respectfully submitted,

/s/ A'Dair R. Flynt
Thomas J. McGoey II, T.A. (Bar #18330)
A'Dair R. Flynt (Bar #37120)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108
tjmcgoey@liskow.com
aflynt@liskow.com

***Attorneys for D&A Enterprises, Inc.***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, and/or through the Court's electronic filing system, on this 4th day of March, 2019.

/s/A'Dair R. Flynt

4900830_1