UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'MARCUS THOMAS | CIVIL ACTION |
| VERSUS | |
| WALLACE, RUSH, SCHMIDT, INC. | NO.: 16-572-BAJ-RLB |

## RULING AND ORDER

Before the Court are two motions: Wallace, Rush, Schmidt, Inc.'s **Motion for Partial Dismissal (Doc. 53)** of De'Marcus Thomas's third amended complaint and Wallace, Rush, Schmidt, Inc.'s **Motion to Strike (Doc. 54)** the class-action allegations of Thomas's third amended complaint. For the reasons that follow, the **Motion for Partial Dismissal (Doc. 53)** is **GRANTED IN PART** and **DENIED IN PART** and the **Motion to Strike (Doc. 54)** is **GRANTED**.

I. BACKGROUND

This is a wage-and-hour dispute. It arises from a company's alleged failure to pay laborers for disaster-restoration work they performed during the August 2016 flooding in southeast Louisiana.

De'Marcus Thomas sued Wallace, Rush, Schmidt, Inc. for violating the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, defrauding him, breaching an

1

oral employment contract, and negligently failing to keep payroll records.[1] (Doc. 51). His third amended complaint, though inartfully drafted, suggests that he seeks to certify a collective-action class under § 216(b) of the FLSA and a Federal Rule of Civil Procedure 23(b)(3) damages class.[2] (*Id.*).

In his third amended complaint, Thomas alleges that Wallace, Rush, Schmidt, Inc. (WRS) is a "natural disaster cleanup and recovery personnel resource management company" that hired him to "perform disaster restoration" services. (*Id.* at ¶ 12). He alleges that WRS "fail[ed] to keep accurate payroll records and fail[ed] to pay regular wages and overtime." (*Id.* at ¶ 78). And he seeks to certify a class consisting of

> [a]ll persons who were or are currently employed by WRS in the State of Louisiana and who have not been compensated for regular wages and/or have not been compensated the overtime rate of one and one-half times the regular rate of pay for all work performed in excess of forty hours per work week, and . . . any employee for which Defendants WRS and Servpro failed to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

(*Id.* at ¶ 75). His third amended complaint does not distinguish between a proposed collective-action class and a proposed Rule 23(b)(3) class. (*Id.*). So the Court assumes that Thomas intends the same definition to apply to each.

---

[1] Thomas also sued D&A Enterprises, Inc., which did not join WRS's motions. (Doc. 51 at ¶¶ 14–15).

[2] Although Thomas's third amended complaint invokes Rule 23(b)(2), his opposition papers indicate that he seeks to certify a Rule 23(b)(3) class. (*Compare* Doc. 51 at ¶ 95 *with* Doc. 81 at ¶ 10).

WRS moves to dismiss under Rule 12(b)(6). (Doc. 53). It argues that Thomas fails to plead plausible claims for (1) a collective action under § 216(b) of the FLSA, (2) detrimental reliance, (3) unjust enrichment, and (4) fraud. (Doc. 53-1). Thomas disagrees. (Doc. 79). He responds that his allegations provide WRS fair notice, that his quasi-contract claims should stand, and that his allegations of fraud meet Rule 9(b)'s particularity standard. (*Id.*).

Separately, WRS moves to strike the class-action allegations of Thomas's third amended complaint.[3] (Doc. 54). It argues that Thomas fails to plead facts showing that the requirements of Rules 23(a) and 23(b)(3) are met. (*Id.*). Thomas opposes and casts the motion as "premature." (Doc. 81).

## II. MOTION TO DISMISS

### A. Standard

To overcome WRS's motion to dismiss, Thomas must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that WRS is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing

---

[3] The Court recognizes that some courts analyze challenges of this sort under Rule 12(b)(6). *See, e.g., Reedy v. Phillips 66 Co.*, No. H-17-2914, 2018 WL 1413087, at *11 (S.D. Tex. Mar. 20, 2018) (treating motion to strike class-action allegations as a Rule 12(b)(6) motion); *Taylor v. Denka Performance Elastomer LLC*, No. 17-7668, 2018 WL 1010186, at *4 (E.D. La. Feb. 22, 2018) (same). The Court considers it a distinction without a difference: no matter the standard, the question is whether a complaint contains sufficient facts to show that Rule 23's requirements are met.

3

*Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Thomas's third amended complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

**B.     Analysis**

**1.     FLSA Collective Action**

The FLSA sets wage, hour, and overtime standards employers must generally follow. *See* 29 U.S.C. §§ 206 (minimum wage), 207(a) (overtime). If an employer violates these standards, an employee may sue on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Such a suit is called a collective action. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).

Some courts have held that it is improper to challenge a collective action by Rule 12 motion. *See, e.g., Robinson v. R&L Carriers Payroll, LLC*, No. H-17-1762, 2018 WL 1033256, at *2 (S.D. Tex. Feb. 20, 2018). This Court has held otherwise. *See Creech v. Holiday CVS, LLC*, No. 11-CV-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012).

To plead a plausible collective-action claim, Thomas must allege facts sufficient to provide WRS "fair notice of the putative class." *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014). WRS argues that it lacks fair notice because Thomas's collective-action allegations are conclusory and his class definition is too broad. (Doc. 53-1). Thomas rejoins that his allegations outline the "job duties" and "scope" of the putative class and so provide fair notice. (Doc. 79). The Court disagrees.

4

Thomas's collective-action allegations fail to provide WRS fair notice of the putative class. *See Flores*, 55 F. Supp. 3d at 940. His class definition is too broad; it appears to include *any* person of *any* position for whom WRS at *any* point "failed to maintain and preserve payroll records." (Doc. 51 at ¶ 75). That alone defeats fair notice.

Beyond its breadth, the class is ill-defined. (Doc. 51 at ¶ 75). The collective-action allegations that follow paragraph 75's class definition suggest that Thomas proposes a narrower class—one limited to persons "hired to perform disaster restoration work on an hourly basis." (Doc. 51 at ¶¶ 74, 76–82). But even that definition falls short: "disaster restoration work" could describe the duties of a day laborer, a structural engineer, or a legal-aid attorney. (*Id.* at ¶ 76).

If Thomas intends to plead a plausible collective-action claim, he must craft a coherent class definition. *See Flores*, 55 F. Supp. 3d at 940. He could, for example, use the specific duties outlined in paragraph 79 to define a narrower class in paragraph 75. (Doc. 51 at ¶¶ 75, 79). It is not WRS's responsibility to "define the putative class by piecing together factual allegations strewn throughout" Thomas's third amended complaint. *Flores*, 55 F. Supp. 3d at 940. And it is not this Court's responsibility to plead his collective-action claim for him.

Because Thomas's collective-action allegations fail to provide WRS fair notice of the putative class, the Court grants WRS's motion and dismisses Thomas's collective-action claim *without* prejudice. (Doc. 51 at ¶¶ 74–82). The Court finds that justice requires that Thomas have a *final* opportunity to amend his complaint to plead

5

a plausible collective-action claim. *See* FED. R. CIV. P. 15(a). The Court therefore grants Thomas 14 days to amend his complaint to attempt to plead a plausible collective-action claim.

## 2. Detrimental Reliance

Detrimental-reliance claims are based on Article 1967 of the Louisiana Civil Code. *See Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 232 (5th Cir. 2018). Article 1967 instructs, "[a] party is obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." LA. CIV. CODE art. 1967.

To plead a plausible detrimental-reliance claim, Thomas must allege (1) a promise, (2) made in such a manner that WRS should have expected Thomas to rely on it, (3) justifiable reliance, and (4) a change in position to Thomas's detriment because of the reliance. *See Koerner*, 910 F.3d at 231.

Detrimental reliance typically applies "when no written contract or an unenforceable contact exists between the parties." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). That is because "reliance on promises made outside of an unambiguous, fully-integrated agreement" is "unreasonable as a matter of law." *Id.* at 404.

WRS declares that Thomas cannot plead a detrimental-reliance claim because he also alleges a breach-of-contract claim. (Doc. 53-1 at p. 12). It offers no analysis. (*Id.*). Thomas responds that his detrimental-reliance and breach-of-contract claims

6

are not mutually exclusive. (Doc. 79 at p. 9). The Court agrees with Thomas but finds that he has not plausibly pleaded the detrimental-reliance claim.

Thomas alleges, confusingly, that "Defendants promised to pay [him] on multiple occasions that [*sic*] they would be paid regular wages and overtime[.]" (Doc. 53 at ¶ 129). It is not clear whether that "promise" arose from an "unambiguous, fully-integrated agreement." *See Bethea*, 376 F.3d at 403. If it did, then Thomas can sue for detrimental reliance; if it did not, then he cannot. *See id.*

Because Thomas fails to plead a plausible detrimental-reliance claim, the Court grants WRS's motion and dismisses the claim *without* prejudice. (Doc. 51 at ¶¶ 127–131). The Court finds that justice requires that Thomas have a *final* opportunity to amend his complaint to plead a plausible detrimental-reliance claim. *See* FED. R. CIV. P. 15(a). The Court therefore grants Thomas 14 days to amend his complaint to attempt to plead a plausible detrimental-reliance claim.

### 3. Unjust Enrichment

A plaintiff cannot recover on an unjust-enrichment theory if "the law provides another remedy." *Walters v. MedSouth Record Mgmt., LLC*, 2010-0352, p. 1 (La. 6/4/10); 38 So. 3d 241, 242 (per curiam). That is because unjust enrichment applies only to "fill a gap in the law where no express remedy is provided." *Id.* at 242 (citation omitted).

Thomas cannot plead a plausible unjust-enrichment claim because the law provides him other remedies: a negligence claim, a breach-of-contract claim, and an

7

overtime claim under the FLSA. *See JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 521 (E.D. La. 2013) (dismissing unjust-enrichment claim because a statute provided plaintiff another remedy).

Because Thomas fails to plead a plausible unjust-enrichment claim, the Court grants WRS's motion and dismisses the claim *with* prejudice. (Doc. 51 at ¶¶ 132–140). Amendment would be futile: Thomas cannot, as a matter of law, plead a plausible unjust-enrichment claim given the other remedies available to him. *See Walters*, 38 So. 3d at 242; *JP Mack Indus. LLC*, 970 F. Supp. 2d at 521.

### 4. Fraud

Fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA. CIV. CODE art. 1953. It may "result from silence or inaction." *Id.*

To plead a plausible fraud claim, Thomas must allege that "'(1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) caused justifiable reliance with resultant injury.'" *Koerner*, 910 F.3d at 230 (quoting *Becnel v. Grodner*, 982 So. 2d 891, 894 (La. Ct. App. 2008)).[4]

Beyond alleging the elements of fraud, Thomas "must state with particularity the circumstances constituting fraud[.]" FED. R. CIV. P. 9(b). So doing requires

---

[4] WRS argues, incorrectly, that Louisiana law does not recognize fraud as an independent tort. (Doc. 53-1 at p. 14). It does. *See, e.g., Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 626–627 (5th Cir. 1999).

8

Thomas to "plausibly plead facts establishing the time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what the person obtained thereby." IAS *Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) (citation omitted).

Thomas fails to plead a plausible fraud claim. (Doc. 51 at ¶¶ 141–148). He alleges that "Defendants" falsely represented that he "would be paid on Fridays for the work performed." (Doc. 51 at ¶ 143). He does not identify the person who made the statement or the time or place the statement was made. (*Id.* at ¶¶ 141–148). So his allegations fail to satisfy Rule 9(b)'s particularity requirement. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.").

Because Thomas fails to plead a plausible fraud claim, the Court grants WRS's motion and dismisses the claim *without* prejudice. (Doc. 51 at ¶¶ 141–148). The Court finds that justice requires that Thomas have a *final* opportunity to amend his complaint to plead a plausible fraud claim. *See* FED. R. CIV. P. 15(a). The Court therefore grants Thomas 14 days to amend his complaint to attempt to plead a plausible fraud claim.

### III. MOTION TO STRIKE

#### A. Standard

The Court has an "independent obligation to decide whether an action [is] properly brought as a class action[.]" *McGowan v. Faulkner Concrete Pipe Co.*, 659

9

F.2d 554, 559 (5th Cir. 1981). To fulfill that obligation, the Court may apply Rule 23(d)(1)(D) to strike class-action allegations that fall short of Rule 23's requirements. *See Coleman v. Sears Home Improvement Prods., Inc.*, No. 16-2537, 2017 WL 1064965, at *7 (E.D. La. Mar. 20, 2017) (striking deficient class-action allegations); *Aguilar v. Allstate Fire and Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809, at *2 (E.D. La. Mar. 6, 2007) (same).

**B.  Analysis**

Thomas hopes to certify a Rule 23(b)(3) damages class. (Doc. 81 at p. 10). So he must plead facts satisfying the "threshold requirements" of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3). *See Maldonado v. Ochsner Clinic Foundation*, 493 F.3d 521, 523 (5th Cir. 2007) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 613–614 (1997)). The Court turns first to Rule 23(a).

Rule 23(a) announces four threshold requirements: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties must fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). The Court considers each requirement.

1.  **Numerosity**

The first requirement demands that the putative class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). To satisfy this

requirement, Thomas must provide a "reasonable estimate of purported class members." *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (citation omitted). He does so.

Thomas alleges that the putative class consists of "at least 1,500 workers" WRS employed after the August 2016 flooding. (Doc. 51 at ¶ 87). That is "within the range that generally satisfies the numerosity requirement." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999). The Court therefore finds that Thomas alleges sufficient facts to satisfy Rule 23(a)(1)'s numerosity requirement.

2. **Commonality**

The second requirement demands that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The Supreme Court has interpreted Rule 23(a)(2) to require that the claims of putative class members "depend upon a common contention" that is "of such a nature that it is capable of class-wide resolution[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Thomas fails to allege facts sufficient to satisfy Rule 23(a)(2)'s commonality requirement. (Doc. 51). Because Thomas fails to precisely define the class he seeks to certify, the Court lacks the information it needs to decide if the class members' claims "depend upon a common contention." *Wal-Mart*, 564 U.S. at 350. As presently defined, the proposed class extends to "any employee for which Defendants WRS and Servpro failed to maintain and preserve payroll records." (Doc. 51 at ¶ 75). The Court doubts

11

that a class so broadly defined could present the common questions Rule 23(a)(2) requires.

   3. **Typicality**

The third requirement demands that the claims of the representative party be "typical" of the claims of the class. *See* FED. R. CIV. P. 23(a)(3). The "typicality inquiry rests 'less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of legal and remedial theories behind their claims.'" *Ibe*, 836 F.3d at 528–529 (quoting *Jenkins v. Raymark Indus. Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)).

Thomas fails to allege facts sufficient to satisfy Rule 23(a)(3)'s typicality requirement. (Doc. 51). The Court cannot decide if Thomas's claims are "typical" of the claims of the proposed class because Thomas has inadequately defined the proposed class. (*Id.* at ¶ 75).

   4. **Adequacy**

The fourth requirement demands that the representatives parties "fairly and adequately protect the interests of the class." *See* FED. R. CIV. P. 23(a)(4). "This standard 'requires the class representative to possess a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation.'" *Ibe*, 836 F.3d at 529 (quoting *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 482–483 (5th Cir. 2001)).

Thomas fails to allege facts sufficient to satisfy Rule 23(a)(4)'s adequacy requirement. (Doc. 51). His failure to properly define the proposed class makes it impossible for the Court to decide if Thomas can "fairly and adequately protect" class-members' interests.

* * *

Having considered each of Rule 23(a)'s four requirements, the Court finds that Thomas fails to allege facts sufficient to satisfy three of them. Because Thomas's allegations do not satisfy those "threshold requirements," the Court does not reach Rule 23(b)(3). All told, Thomas fails to plead facts sufficient to show that this wage-and-hour dispute should proceed as a Rule 23(b)(3) class action. The Court therefore grants WRS's motion and strikes the class-action allegations (Doc. 51 at ¶¶ 83–97) from Thomas's third amended complaint.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Dismissal (Doc. 53)** filed by Wallace, Rush, Schmidt, Inc. is **GRANTED**, in part, as follows: Thomas's FLSA collective-action claim is **DISMISSED WITHOUT PREJUDICE**; Thomas's detrimental-reliance claim is **DISMISSED WITHOUT PREJUDICE**; Thomas's unjust-enrichment claim is **DISMISSED WITH PREJUDICE**; and Thomas's fraud

claim is **DISMISSED WITHOUT PREJUDICE**. The **Motion (Doc. 53)** is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Strike (Doc. 54)** filed by Wallace, Rush, Schmidt, Inc. is **GRANTED**. The class-action allegations (Doc. 51 at ¶¶ 83–97) are **STRICKEN** from Thomas's third amended complaint.

**IT IS FURTHER ORDERED** that Thomas is granted **14 days** to amend his complaint to attempt to plead (1) a collective-action claim under the FLSA; (2) a detrimental-reliance claim; and (3) a fraud claim. If Thomas fails to timely amend, the Court will, on its own motion, dismiss the claims *with* prejudice.

Baton Rouge, Louisiana, this 22nd day of April, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA