UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DE'MARCUS THOMAS

VERSUS

WALLACE, RUSH, SCHMIDT, INC.

CIVIL ACTION

NO.: 16-572-BAJ-RLB

## RULING AND ORDER

This dispute arises from a company's alleged failure to pay laborers for disaster-restoration work they performed during the August 2016 flooding in southeast Louisiana. (Doc. 51). De'Marcus Thomas sued Wallace, Rush, Schmidt, Inc. and D&A Enterprises, Inc. for violating the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, defrauding him, breaching an oral employment contract, and negligently failing to keep payroll records. (*Id.*).

D&A moves for summary judgment. (Doc. 91). It argues that Thomas cannot bring any wage-and-hour claims against it because it is not his "employer" under § 203(d) of the FLSA. (*Id.*). It supports that argument with the declarations of Charles Brooks (Doc. 91-2), Chris Garrett (Doc. 91-3), and Elliot Jeffries (Doc. 91-4). The declarations tend to show that D&A never employed Thomas and that D&A is a separate entity from Servpro Industries, Inc. and Servpro of Greater Boulder. (Docs. 91-2, 91-3, 94-4).

1

Thomas opposes. (Doc. 96). He rejoins that summary judgment is premature because he has not conducted discovery.[1] (*Id.*). He states, incorrectly, that summary judgment is "only appropriate after adequate discovery." (*Id.* at p. 3). Although he supplies no reason for the Court to doubt the veracity of the statements contained in the declarations, he asks the Court to discredit them as "self-serving and conclusory." (*Id.* at p. 6). And he insists that a genuine dispute of material fact exists as to who employed him. (*Id.*).

Federal Rule of Civil Procedure 56 "does not require that *any* discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (emphasis added). But the Court may deny—or stay its ruling on—D&A's motion for summary judgment if Thomas shows, by affidavit or declaration, that for specified reasons he cannot present facts essential to justify his opposition. FED. R. CIV. P. 56(d).

He fails to make that showing. He offers no affidavit or declaration; he points to no facts justifying D&A's inclusion in this case. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (explaining the prerequisites to a stay or denial of summary judgment under Rule 56(d)).

---

[1] The Court is unpersuaded by Thomas's attempt to create a genuine dispute as to his employer's identity through the testimony of David Wallace. (Doc. 96 at p. 6). Wallace's testimony speaks to the arrangement between Wallace, Rush, Schmidt and D&A, not to any employment relationship between D&A and Thomas. (*Id.*). The testimony indicates that D&A was one of several outfits "working with" Wallace, Rush, Schmidt in August or September 2016, any of which could have employed Thomas. (*Id.*).

2

Accordingly,

**IT IS ORDERED** that Plaintiff De'Marcus Thomas is granted until **Wednesday, May 8, 2019** to file **(1)** an affidavit or declaration, in accordance with Federal Rule of Civil Procedure 56(d); and **(2)** a memorandum that **(a)** identifies the specific facts he expects to discover with respect to D&A's employment of him and states how those facts would influence the outcome of D&A's summary judgment motion; and **(b)** explains his basis for disputing D&A's properly-supported assertions that **(i)** it never employed him and **(ii)** it is a separate entity from Servpro Industries, Inc. and Servpro of Greater Boulder.

**IT IS FURTHER ORDERED** that, if Thomas fails to timely file the above-described documents, or files documents that fail to make the requisite showing under *Biles*, 714 F.3d at 894, the Court will consider the properly-supported factual assertions in D&A's motion for summary judgment to be undisputed under Federal Rule of Civil Procedure 56(e) and issue a ruling on the merits.

Baton Rouge, Louisiana, this 6th day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**