UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'MARCUS THOMAS | CIVIL ACTION |
| VERSUS | NO. 16-572-BAJ-RLB |
| WALLACE, RUSH, SCHMIDT, INC. | |

## ORDER

Before the Court is Defendants' Motion to Compel Appearance of Plaintiff for Deposition in Louisiana. (R. Doc. 152). The motion is opposed. (R. Doc. 153). Defendants filed a reply. (R. Doc. 156).

## I. Background

De'Marcus Thomas ("Plaintiff") initially brought this lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure and as a collective action under the Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (R. Docs. 1, 15, 20, 51). The district judge dismissed Plaintiff's class action and collective action claims, leaving only individual claims under the FLSA, the Louisiana Wage Payment Act, La. R.S. 23:631 *et seq.*, and the Louisiana Civil Code. (R. Docs. 132).

On November 26, 2019, the parties agreed that Plaintiff's deposition would take place after the close of discovery on November 29, 2019. (R. Doc. 152-3 at 8-11). The parties did not, however, agree upon a specific date for the deposition, the location of the deposition, or whether the deposition would be taken by remote means. After the close of discovery, counsel for the parties exchanged several emails regarding the location of the deposition, the manner of the deposition, and potential cost allocation. (R. Doc. 152-3 a 1-8). Defendants would not agree to a

deposition by telephone and offered to pay two-thirds of Plaintiff's airfare to travel to Louisiana for his deposition.

Following these email exchanges, Defendants filed the instant motion, which seeks an order compelling Plaintiff to travel to Louisiana for his deposition. (R. Doc. 152). Defendants argue that Plaintiff must make himself available for a deposition in Louisiana because he brought the lawsuit in this State. Plaintiff argues that he would face financial hardship unless Defendants paid for his entire travel costs to Louisiana.

**II.     Law and Analysis**

As a preliminary issue, it appears that Defendants did not formally notice Plaintiff's deposition for a specific time or place under Rule 30(b)(1) prior to the close of discovery. Instead, the parties agreed that Plaintiff's deposition would take place sometime after the close of discovery without reaching any specific agreement on the deposition's location or method. Parties are allowed to stipulate to a deposition after the discovery deadline. *See* Fed. R. Civ. P. 29(a); *see* Local Rule 26(d)(1) ("Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting."). Generally, however, the Court will not entertain motions to compel with respect to discovery conducted after the Court's deadline. The Court will consider the merits of this particular motion because it concerns whether Plaintiff's deposition will take place.

"The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "As a general rule, [however,] a plaintiff will be required to make himself available for examination in the forum in which suit was brought." *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649,

at *2 (E.D. La. Oct., 7, 2011) (citations omitted). "The Court has considerable discretion in determining the place of a deposition, and may consider the relative expenses of the parties." *Id*. "However, absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted." *Id*. "The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship." *Id*. "When determining whether extreme hardship exists, courts consider the party's (1) age, (2) physical condition, (3) finances, and (4) other factors that might result in extreme hardship." *Id*. at *3.

In *Birkland*, the plaintiff did not establish extreme hardship where he alleged that he was recently terminated from his job as a security guard, had approximately $100 in his bank accounts, and had no medical insurance to pay for medically necessary knee surgeries, but was married to an employed registered nurse. *See id*.

Defendants argue that the Court should similarly find that Plaintiff has not established extreme hardship meriting a deposition by telephone. Defendants highlight their offer to pay two-thirds of Plaintiff's airfare and represent that Plaintiff has not negotiated certain pay checks. In opposition, Plaintiff argues that Defendants should cover all of his airfare or the deposition should be held by telephone. In an attempt to distinguish *Birkland*, Plaintiff represents that he does not have access to credit cards, has less than $5 in his bank accounts, and does not have an employed spouse.

Having considered the record, the Court need not decide whether Plaintiff's specific economic situation alone constitutes extreme hardship that merits a telephonic deposition. The Court set an in-person settlement conference on March 31, 2020, and was prepared to order

Plaintiff's deposition to take place while he was in Louisiana for the settlement conference. The settlement conference has since been cancelled in light of the current COVID-19 virus (coronavirus) outbreak in Louisiana. (R. Doc. 159). After the Governor of the State of Louisiana declared a State of Emergency and the President of the United States declared a National Emergency, the U.S. District Court for the Middle District of Louisiana began operating under "pandemic related curtailed operations." *See* Admin. Order. No. 2020-1 (M.D. La. Mar. 13, 2020). In addition, the Centers for Disease Control and Prevention ("CDC") has recommended mitigation strategies including social distancing and limited travel.

Given Plaintiff's economic situation and the coronavirus outbreak, the Court finds extreme hardship with respect to travel for Plaintiff's deposition. Conducting Plaintiff's deposition by telephone or videoconference is appropriate under these circumstances.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel Appearance of Plaintiff for Deposition in Louisiana (R. Doc. 152) is **DENIED**. The parties shall bear their own costs. Plaintiff's deposition must take place within 14 days of the date of this Order by telephone or videoconference, or as otherwise agreed upon by the parties.

Signed in Baton Rouge, Louisiana, on March 18, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**