## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**DE'MARCUS THOMAS**                                    **CIVIL ACTION**

**VERSUS**

**WALLACE, RUSH, SCHMIDT, INC.,**                **NO.: 16-00572-BAJ-RLB**
**ET AL.**

### RULING AND ORDER

Before the Court is Defendant D&A Enterprises, Inc. d/b/a Servpro of Fort Collins' ("D&A") **Motion for Summary Judgment (Doc. 158)**. Plaintiff filed an Opposition (Doc. 161), and Defendant filed a reply memorandum in further support. *See* (Doc. 162). For the reasons stated herein, the Motion is **GRANTED**.

## I.   BACKGROUND

This action stems from a wage-and-hour dispute in which Plaintiff alleges Defendant Wallace, Rush, Schmidt, Inc. ("WRS") "unlawfully failed and refused to pay Plaintiff...wages for hours worked and overtime pay." (Doc. 51, at ¶ 2). After the suit had commenced, WRS, the sole Defendant at the time, filed a Suggestion of Bankruptcy (Doc. 40). In response, the Court stayed this matter pending resolution of the proceeding before the bankruptcy court. *See* (Doc. 42). Once the stay was lifted, Plaintiff moved to file a Third Amended Complaint, which added D&A as a Defendant.

WRS is a "Natural Disaster Cleanup and Recovery personnel resource management company" that hires employees to do largely physical labor. (Doc. 51, at

¶ 12–13). According to Plaintiff, D&A used WRS's services for labor recruitment following the August 2016 flooding affecting Baton Rouge, Louisiana. (*Id.* at ¶ 15). Plaintiff avers that WRS contracted with D&A to supply labor to job sites and that his job site supervisors were representatives of both Defendants. (*Id.* at ¶ 21). During his employment, Plaintiff worked at two job sites: the Baker Dialysis Center and Amite High School. (*Id.* at ¶ 52). After two weeks of work, Plaintiff quit when he was allegedly unable to obtain payment from WRS for the work he performed. (*Id.* at ¶ 69). He then brought this suit.

In a prior ruling, the Court denied a Motion for Summary Judgment (Doc. 91) filed by D&A that was similar to the instant Motion and provided Plaintiff with additional time to conduct discovery. (Doc. 106, at p. 3). However, the Court later dismissed Plaintiff's class allegations, as well as his collective action, fraud, and negligence claims asserted against D&A. *See* (Doc. 132). Following that dismissal, Plaintiff filed a Motion for New Trial, Alteration or Amendment of Judgment, and Reconsideration (Doc. 136), which the Court denied. *See* (Doc. 141). Next, Plaintiff sought entry of final judgment for his dismissed claims, which the Court also denied. *See* (Doc. 151). Now that Plaintiff has had an ample opportunity to conduct discovery connecting D&A to the facts of this case, D&A again seeks summary judgment.

## II.    LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1968). A fact is "material" if it "might affect the outcome of the suit." *Id*. at 248.

In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an *actual controversy*, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted) (emphasis added).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citation omitted).

## III.  DISCUSSION

At this stage in this protracted litigation, Plaintiff maintains four claims against Defendant D&A: a claim for unpaid wages and overtime under the Fair Labor Standards Act (FLSA), a claim for unpaid wages and overtime under the Louisiana Wage Payment Act, breach of contract, and a detrimental reliance claim.  *See* (Doc. 132) (dismissing Plaintiff's other claims against D&A). Throughout this action, Plaintiff has struggled to adequately plead claims. The claims against D&A are no different.

3

Primarily at issue is whether Plaintiff can make any showing of an employment relationship with D&A. Plaintiff has repeatedly failed to do so, and in fact fails to demonstrate any relationship whatsoever with D&A. Supported by a number of declarations indicating no connection between Plaintiff and D&A, Defendant has brought attention to the complete lack of evidence indicating otherwise. The burden, accordingly, shifts to Plaintiff to demonstrate that an issue of fact exists in this case. *In re La. Crawfish Producers*, 852 F.3d, 462.

Despite having been provided several months to conduct discovery, Plaintiff has come up entirely short.[1] His sole offering is a three-page declaration in which he states that Servpro representatives provided some instruction on job sites and that "[o]bviously WRS and [D&A] communicated with each other regarding my schedule." (Doc. 164–1, at ¶ 12–13). Rather than provide evidence in support of his position, Plaintiff urges the Court to ignore Defendant's "self-serving testimony," an argument that the Court has already rejected. (Doc. 106, at p. 2 n.1).

In its Motion, Defendant essentially argues that it did not employ Plaintiff and that any "Servpro" presence at Plaintiff's job sites were actually two separate organizations within the Servpro franchise, but not Servpro of Fort Collins. (Doc. 158–1, at p. 5). The record is replete with declarations submitted by Defendant indicating that there was no D&A (Servpro of Fort Collins) presence at either of Plaintiff's two job sites. (Docs. 158–3 at ¶ 7–8; 158–4 at ¶ 4–7). Defendant has offered evidence indicating that its employment records contain no references indicating that

---

[1] Plaintiff was provided until November 29, 2019 to obtain discovery. (Doc. 145, ¶ 2(b)). Defendant has indicated that Plaintiff made no effort to obtain any discovery during this deadline. (Doc. 158–1, at p. 4).

it employed anyone using Plaintiff's name. (Doc. 158–3 at ¶ 6). Further, pay stubs issued by WRS indicate that WRS's customers at the job sites where Plaintiff worked were Service Master and Servpro of Greater Boulder, both of which are separate entities from Servpro of Fort Collins. (Doc. 158–2 at ¶ 6).

Plaintiff offers no evidence indicating anything to the contrary. In his Opposition, Plaintiff continues to equate Defendant with other Servpro franchises, offering that Defendant must have been his employer because he was told to wear a "Servpro shirt" at job sites. (Doc. 161 at p. 7). He submits a snippet of inconclusive testimony from WRS's proceedings at the bankruptcy court.[2] (*Id.* at p. 4–5). Though Plaintiff brings wage claims under state and federal law, he fails to make anything other than mere conclusory arguments supporting the threshold requirement that D&A was his employer. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) ("The FLSA requires "employers" to pay their employees a minimum wage"); *see also Tillman v. Louisiana Children's Med. Ctr.*, No. CV 16-14291, 2017 WL 1399619, at *3 (E.D. La. Apr. 19, 2017) (the Louisiana Wage Payment Statute states that an *employee* must be paid…wages owed). He seeks to enforce an oral contract valued in excess of $500 without providing the testimony of witnesses and other corroborating evidence, as required by Louisiana Civil Code art. 1846. *Read v. Willwoods Cmty.*, 2014-1475 (La. 3/17/15), 165 So. 3d 883, 888. His detrimental reliance claim must fail because he neglected to point to any interaction at all with Defendant. The evidence before the

---

[2] The Court has previously found that this testimony only pertained to the arrangement between WRS and D&A. It did not address Plaintiff's alleged employment relationship with D&A. (Doc. 106 at p. 2 n.1).

Court is conclusive. There simply is no genuine dispute of material fact with respect to the claims against D&A.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant D&A Enterprises, Inc.'s **Motion for Summary Judgment (Doc. 158)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant D&A Enterprises, Inc. are **DISMISSED**.

Baton Rouge, Louisiana, this 2nd day of June, 2020

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**